UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMANDA MACGREGOR,        )
                         )
    Plaintiff,           )
                         )
       v.               )    No. 1:10-cv-00107
                         )    Judge Marvin E. Aspen
DEPAUL UNIVERSITY,       )
                         )
    Defendants.          )

**MEMORANDUM OPINION AND ORDER**

Marvin E. Aspen, District Judge:

Defendant DePaul University moves to dismiss Amanda MacGregor's Complaint alleging race discrimination, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). For the reasons stated below, we grant Defendant's motion.

**BACKGROUND**

DePaul hired MacGregor as a sociology instructor in September of 2002. (Compl. ¶ 13.) She filed three separate charges of discrimination or retaliation with the Equal Employment Opportunity Commission ("EEOC") and received three associated right-to-sue letters. These letters form the basis of her Complaint, and it is useful to bear in mind the content of each associated charge.

First, MacGregor contends that, during the course of her employment, she received favorable evaluations from students and that her "work was beyond reproach." (*Id.*) MacGregor alleges that DePaul nevertheless denied her private office space, research assistants, and funding to attend professional conferences. (*Id.*) MacGregor also claims that DePaul paid her less than

1

stipulated by her contract, effectively demoted her by assigning her less desirable courses, subjected her to a hostile work environment by sarcastically commenting on her appearance, and required her to perform unreasonable tasks, such as commuting to teach at Barat College in Lake Forest when Plaintiff was a resident of Chicago. (*Id.*) MacGregor claims that DePaul did not subject other similarly-situated employees to such conditions. (*Id.*) In September 2006, MacGregor filed her first Charge of Discrimination containing allegations related to these incidents. (Def.'s Ex. A at 1.)

Next, MacGregor alleges that DePaul, in retaliation against her for filing a charge with the EEOC, removed her name as a headliner from a collection of architecture photographs she had taken, which was then housed at Depaul's Richardson Library. (Compl. ¶ 13.) MacGregor filed her second Charge of Discrimination with the EEOC on November 28, 2006, based on the removal of her name from the photography collection. (Def.'s Ex. B at 1.)

Nearly two years later on March 5, 2008, DePaul notified MacGregor of her discharge effective June 30, 2008. (Compl. ¶ 13.) DePaul had hired MacGregor as a full-time faculty member of the Sociology department in 2002 on an annual contract with a fixed term appointment of six years. (*Id.*) MacGregor claims that DePaul never informed her of the fixed-term, and that DePaul did not discharge other employees who had completed their six-year terms. (*Id.*) MacGregor filed her third Charge of Discrimination with the EEOC on September 2, 2008 based on her termination. (Def.'s Ex. C at 1.)

MacGregor received right-to-sue letters based on her first and third Charges of Discrimination on October 8, 2009. (Def.'s Ex. A at 2–3; Ex. C at 2–3.) MacGregor claims that on October 14, 2009 she visited her local post office in Evanston to inquire about the whereabouts of her second right-to-sue letter. (Resp. at 5.) She received a right-to-sue letter

based on her second Charge of Discrimination on October 16, 2008. (Def.'s Ex. B at 2–3.) On January 7, 2010, MacGregor filed her complaint based on her three EEOC Charges of Discrimination alleging race discrimination, sex discrimination, and retaliation in violation of Title VII.

## STANDARD OF REVIEW

A motion to dismiss is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949–50 (2009) (stating that a court's determination "whether a complaint states a plausible claim for relief will . . . be a context-specific task"); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although a sufficient complaint thus need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65; *see Iqbal*, 127 S.Ct. at 1949 (similarly noting that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *Killingsworth*, 507 F.3d at 618–19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quotation omitted);

see also Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 127 S. Ct. at 1949–50; *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009); *Brooks*, 578 F.3d at 581; *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

**ANALYSIS**

**I.     Statute of Limitations**

DePaul contends that the allegations in MacGregor's Complaint based on her first and third Charges of Discrimination are barred by the statute of limitations. Plaintiffs must file their complaints within ninety days of a receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5 (f)(1); *Threadgill v. Moore U.S., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (holding that the ninety-day statute of limitations begins to run on the day claimant receives the right-to-sue letter). The Seventh Circuit strictly enforces this requirement, even as applied to *pro se* plaintiffs. *Portillo v. Zebra Tech. Corp.*, 154 Fed. Appx. 505, 507 (7th Cir. 2005) (dismissing a *pro se* plaintiff's complaint filed ninety-one days after the receipt of a right-to-sue letter); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (dismissing a complaint filed ninety-two days after the receipt of a right-to-sue letter); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (dismissing a *pro se* plaintiff's complaint filed more than ninety days after the receipt of a right-to-sue letter).

Furthermore, the Seventh Circuit has upheld the partial dismissal of a time-barred complaint even when a *pro se* plaintiff has received multiple right-to-sue letters on different dates. *Abdullahi v. Prada U.S. Corp.*, No. 06 C 4527, 2007 WL 1521711, at 2–3 (N.D. Ill. May 23, 2007), *aff'd in part*, *rev'd in part*, *Abdullahi v. Prada U.S. Corp.*, 520 F.3d 710, 713 (7th Cir.

4

2008). In *Abdullahi*, the *pro se* plaintiff filed three charges with the EEOC and received right-to-sue letters for those charges on three separate dates. *Id.* The plaintiff filed a complaint more than ninety days after the receipt of right-to-sue letters based on first and second EEOC charges. *Id.* The court dismissed the allegations in the plaintiff's complaint based on her first and second charges as barred by the statute of limitations, but allowed the plaintiff to proceed on the timely-filed allegation in her complaint based on her third charge, and the Seventh Circuit upheld that decision. *Id.*

In the present case, MacGregor received right-to-sue letters based on her first and third Charges of Discrimination on October 8, 2009. (Def.'s Ex. A; Ex. C.) MacGregor received a right-to sue letter based on her second Charge of Discrimination on October 16, 2009. (Def.'s Ex. B.) She filed her Complaint on January 7, 2010, ninety-one days after the receipt of right-to-sue letters for her first and third Charges of Discrimination, and eighty-three days after the receipt of a right-to-sue letter for her second Charge of Discrimination. Because the ninety-day statute of limitations applies strictly, the allegations in MacGregor's Complaint based on her first and third Charges of Discrimination are barred unless, as MacGregor contends, the statute of limitations should be equitably tolled.

The ninety-day limitations period following the receipt of a right-to-sue letter may be equitably tolled when the plaintiff "has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones*, 744 F.2d at 1314; *Threadgill*, 269 F.3d at 850. However, equitable tolling is applied sparingly, and should not be utilized by courts "out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726 (1984);

5

*Threadgill*, 269 F.3d at 850 (holding that a plaintiff's failure to understand the implications of a right-to-sue letter may elicit sympathy but is not a justification for equitable tolling).

MacGregor has not alleged that she was in any was deceived or prevented by a third party from timely filing her complaint. She contends that she acted in good faith and with due diligence because she notified the EEOC of her change of address and contacted the post office to determine the whereabouts of her second right-to-sue letter. (Resp. at 5.) She also argues that requiring her to file her complaint within ninety days of the receipt of right-to-sue letters for her first and third Charges of Discrimination would prejudice her because it would limit her to filing a complaint within eighty-two days of the receipt of her second right-to-sue letter. (Resp. at 4.) But these arguments do not justify the equitable tolling of the limitations period. Each of MacGregor's right-to-sue letters clearly stated that her lawsuit "**must be filed <u>WITHIN 90 DAYS</u> of receipt**." (emphasis in originals) (Def.'s Ex. A at 2; Ex. B at 2; Ex. C at 2.) She thus had ample notice of the period of limitations. Furthermore, MacGregor was not unduly prejudiced simply because she received her second right to sue letter a few days after the other letters. At that time, MacGregor still had eighty-two days in which to timely file her Complaint, and by filing one day earlier could have conformed to the period of limitations.[1] Accordingly, we dismiss with prejudice those allegations in Plaintiff's Complaint based on her first and second Charges of Discrimination as barred by the period of limitations.

---

[1] As a final note, the Seventh Circuit in *Abdullahi*, considering a similarly-situated plaintiff with multiple right-to-sue letters, did not find that the plaintiff had been prejudiced and did not equitably toll the period of limitations period where the *pro se* plaintiff in that case filed her complaint ninety-one days after the receipt of her first and second right-to-sue letters. 520 F.3d at 713. The Seventh Circuit held the plaintiff to the ninety-day period of limitations for her first two charges, even though she consequently had to file her complaint less than ninety days after the receipt of her third right-to-sue letter. *Id.*

## II. The Scope of Plaintiff's Retaliation Claims

As stated above, MacGregor cannot base the allegations in her Complaint on her first and third EEOC Charges of Discrimination. However, MacGregor argues that allegations seemingly based on these charges should nevertheless remain because they are also within the scope of her still-live second EEOC Charge of Discrimination. (Resp. at 11.) Allegations outside the scope of an underlying EEOC Charge of Discrimination are subject to dismissal. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *Graham v. AT&T Mobility, LLC*, 247 Fed. App'x 26, 28–29 (7th Cir. 2007). But "[a] Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint," so Title VII charges should be construed broadly. *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992); *Cheek*, 31 F.3d at 500; *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976); *Motorola Inc. v. McLain*, 484 F.2d 1339, 1344 (7th Cir. 1973).

"All Title VII claims set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek*, 31 F.3d at 500; *Jenkins*, 538 F.2d at 168. In other words, there must be a "reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint (must) reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500. At the very least, the allegations in the complaint must involve the same conduct and implicate the same individuals as the underlying EEOC Charge of Discrimination. *Graham*, 247 Fed. App'x at 29; *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551 (7th Cir. 2002).

Though this standard is broad, it does not, for example, allow plaintiffs to bring a discrimination claim as within the scope of a charge of retaliation filed with the EEOC and vice

versa. *Graham*, 247 Fed. App'x at 29 (dismissing plaintiff's discrimination charges, even though they alleged the same conduct as a timely retaliation charge, where the plaintiff had checked only the retaliation box on his EEOC charge). Here, MacGregor's second Charge of Discrimination related only to retaliation. Thus those allegations in MacGregor's Complaint relating to discrimination—based on her time-barred first Charge of Discrimination—are outside the scope of her timely second charge and are barred. *See Graham*, 247 Fed. App'x at 29.

Furthermore, MacGregor's allegation of retaliation based on her termination—based on her time-barred third Charge of Discrimination—is also outside the scope of her timely pled second charge. The second charge alleges that DePaul retaliated by removing MacGregor's name from a collection of photographs. Though her allegation that DePaul later retaliated by terminating her may implicate the same individuals, it does not revolve around the same conduct. *See Cheek*, 31 F.3d at 501 (holding that, to be reasonably related, allegations in a complaint must implicate the same individuals and the same conduct as an EEOC charge). Removing an individual's name from a photography collection is simply not the same conduct as terminating an individual's employment. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111–12 (7th Cir. 1992) (holding that the plaintiff failed to preserve her claims of denial of benefits, harassment, and adoption of a racially discriminatory policy because she had not specifically described the conduct giving rise to these claims in her EEOC charge for wrongful termination.) In addition, the significant lapse in time of almost two years between the removal of MacGregor's name from the photography collection in November 2006 and her termination in March 2008 almost guarantees that an EEOC investigation into one of the alleged events would not grow into an investigation of the other. *See Cheek*, 31 F.3d at 500 (determining the scope of an EEOC investigation will require speculation).

Accordingly, we dismiss the allegations in MacGregor's complaint based on her first and third charges of discrimination—¶¶ 6, 9(e), 9(g), 12(b), 12(h), and 13 (exclusive of the second to last paragraph)—as untimely and outside the scope of her remaining, timely pled allegation of retaliation—¶¶ 12(g), 13 (limited to second to last paragraph).

### III. Plausibility of Plaintiff's Retaliation Claim

Having determined that MacGregor's claim that DePaul retaliated against her by removing her name from a collection of photographs is timely, we turn now to whether it adequately states a claim. To state a *prima facie* claim for retaliation, a plaintiff must allege that, "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action." *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005); *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). MacGregor filed a Charge of Discrimination with the EEOC, and therefore engaged in a protected activity. 42 U.S.C. § 2000e-3 (a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge."). Furthermore, MacGregor has adequately plead a causal connection because it is plausible that her filing of a charge with the EEOC was a factor in DePaul's decision to remove her name from the photography collection. *Culver*, 416 F.3d at 545 (holding that a causal link between a protected expression and an adverse employment action may exist where the protected conduct was "substantial or motivating factor in the employer's decision); *Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004) (stating that, "a motivating factor does not amount to a but-for factor or to the only factor, but is rather a factor that motivated the

defendant's actions.") Our primary question is whether the removal of MacGregor's name from the photography collection housed in the library constitutes an adverse employment action.

The standard for what may constitute an adverse employment action is more flexible in the context of a retaliation claim than in the context of a substantive discrimination claim because Title VII depends for its enforcement on employees' willingness to file complaints and act as witnesses. *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2414 (2006); *Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 660 (7th Cir. 2005) (holding that the retaliation provision in Title VII is broader than the discrimination provision). Providing broader protection to employees who have engaged in protected expression "helps ensure the cooperation upon which accomplishment of the Act's primary objective depends." *Burlington*, 548 U.S. at 68, 126 S. Ct. at 2414. Therefore, in the context of a retaliation claim, adverse employment actions are not limited to actions that affect the terms and conditions of employment. *Id.* at 63, 2413; *Washington*, 420 F.3d at 660 (noting that retaliation may take many forms and is not limited to the terms, conditions, and privileges of employment).

Instead, we evaluate retaliation claims using an objective standard: retaliatory conduct is actionable if a reasonable employee would have found the challenged action materially adverse in that it produced an injury or harm which would dissuade a reasonable employee from making or supporting a charge of discrimination. *Burlington*, 548 U.S. at 68, 126 S. Ct. at 2415; *Henry v. Milwaukee Cty.*, 539 F.3d 573, 586 (7th Cir. 2008). The language "materially adverse" separates "significant from trivial harms" and clarifies that adverse employment actions do not encompass "those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington*, 548 U.S. at 68, 126 S. Ct. at 2415; *see also Washington*, 420 F.3d at 661 (holding that the materiality requirement applies equally to discrimination and

retaliation claims).  An adverse employment action must therefore be serious enough to dissuade a reasonable employee from engaging in a protected activity and must be more than "a mere inconvenience or an alteration in job responsibilities."  *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993); *see Henry*, 539 F.3d at 586.

MacGregor, however, has failed to allege that the removal of her name from her collection of photographs constitutes an adverse employment action.  MacGregor contends that the removal of her name resulted in a "loss of prestige and recognition" that might have been useful for her career advancement.  (Compl. ¶ 13 & Def.'s Ex. B at 1.)  She has not adequately alleged why the removal of her name bears such significance that it qualifies as an adverse employment action, as opposed to a trivial harm or other minor annoyance.  *See, e.g.*, *Henry*, 539 F.3d at 586 (finding unspecified intimidation, door slamming by superiors, and other incidents were petty slights and mere annoyances rather than materially adverse actions capable of sustaining a retaliation claim).  Based on the allegations before us, we cannot conclude that the removal of her name from the collection is objectively adverse such that it might plausibly dissuade a reasonable employee from lodging or supporting a charge of discrimination. Accordingly, we grant DePaul's motion to dismiss as to MacGregor's timely-pled retaliation claim.

**CONCLUSION**

For the reasons stated above, we grant DePaul's motion to dismiss.  It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: October 13, 2010